JEFFREY G. BUCHELLA
Attorney at Law
177 North Church Avenue
Suite 200
Tucson, Arizona 85701
(520) 628-7777
 Jeffbuchella@gmail.com
State Bar No. 010569
Attorney for Paul Douglas Adams

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL DOUGLAS ADAMS,<br><br>Defendant. | NO. CR 17-390-RCC (BPV)<br><br>**OPPOSITION TO GOVERNMENT'S MOTION TO PRESERVE TESTIMONY AND REQUEST FOR VIDEO-TAPED DEPOSITION PURSUANT TO RULE 15(a)** |

Excludable delay under 18 U.S.C. section 3161(h) may occur as a result of this motion or an order based thereon.

COMES NOW the Defendant, Paul Douglas Adams, by and through counsel undersigned, and opposes the government's Motion to Preserve Testimony for Trial and Request for Video-Taped Deposition Pursuant to Rule 15(a). (Doc. 32.) This

1

opposition is supported by the accompanying memorandum of points and authorities.

RESPECTFULLY SUBMITTED this 9th day of October, 2017

  s/Jeffrey G. Buchella
JEFFREY G. BUCHELLA
Attorney for Defendant

### MEMORANDUM OF POINTS AND AUTHORITIES

Material Facts

The Government has filed an indictment alleging multiple counts of production of and possession of child pornography. The Government has filed a motion seeking to preserve testimony for trial pursuant to Rule 15 of the Federal Rules of Criminal Procedure (Doc. 32.), stating it "intends to elicit testimony from Venancio Pinon Alcantara and Lourdes Sarmiento Alcantara regarding the identity of the above victims and the locations portrayed in the images and videos listed in counts one through eight and eleven". (Doc. 32 at lns. 1-3.) No declaration by the Alcantaras is attached to the motion. The Alcantaras are the Defendant's wife's parents. They reside in California. The Government contends this Court previously set a "firm trial date" commencing November 28. The Government argues that Mr. and Mrs. Alcantara, although under subpoena, should not be required to attend the trial because they have prepaid airline tickets to accompany Mr. Alcantara's elderly mother to the Phillipines for a holiday visit.

The motion does not state that the Alcantara's are *unable* to attend, merely that they would find it inconvenient. The only mentioned "elderly" person is Mr. Alcantara's mother, and she is not a proposed witness. In effect, the motion alleges that the Alcantaras have a vacation planned and will be back January 18, 2018. They will be in the United States when trial begins, if it begins as currently scheduled (unlikely in the Defendant's view).

The proposed evidence can be provided through many other means well documented in the Government's disclosure:

1. The "locations portrayed in the images and videos listed in counts" 1-8 and 11, as well as clothing and other objects at those locations, were the subject of the warrant authorizing a search of Mr. Adam's home. The locations were identified and photographed by agents. The items were seized and are now in evidence. The agents can testify to these facts, and have the jury compare photographs to the subject images and videos. (BATES 1-41; 245-272).

2. In his interview by law enforcement, Mr. Adams gave the identities of the children (BATES 218).

3. Since Mr. Adam's arrest, the Adams children have been placed in the legal custody of the Arizona Department of Child Safety ("ADCS") and in the physical custody of various friends, who are also members of their religious community. These individuals are familiar with the children and can easily identify

them, and can probably identify household locations and items about which the Government is concerned. (BATES 348)("the Fyfes (our friends".) During one interview, the oldest daughter is shown a video which is a subject of the indictment. She identifies herself, her tablet, the room, and a ceiling fan. In any event exact locations in the house, room A vs. room B, is not material to the prosecution. (BATES 374, 375-380).

    4. Mr. Adams wife, Leizza can certainly identify her daughters as well as the household locations and articles seen in the videos and images which are the subject of the indictment. Leizza gave an interview to authorities at the time the search warrant of the family residence was executed and has communicated with ADCS since that time. (BATES 239).

    5. Law enforcemnt took numerous photographs of the scene and of individuals involved. (BATES 405-520). They seized birth certificates for both daughters, the sons, Mr. Adams and his wife, all located in the same location in the home. (BATES 512-517).

    6. Agents identified Mr. Adams, Mrs. Adams, and their children from the couple's Facebook pages (BATES 566-572). They connected the couple and their children to their home outside Bisbee, and tied the family and home to images referenced in the indictment using GPS coordinates, derived from EXIF data, and

also identified the phone and other devices that made the images, items later seized after the execution of the search warrant. (BATES 573-78).

7. The older daughter can certainly identify herself ("is that you in that picture?")("do you recognize that room? That clothing item?"). The daughter has been questioned extensively and in her first interview identified herself, and various items featured in the images which are the subject of the indictment. (BATES 276-82; 347-404).

Argument of Law

The party seeking a deposition in a criminal matter bears the burden of demonstrating that "exceptional circumstances" necessitate preservation of testimony through deposition. *U.S. v. Kelley*, 36 F.3d 1118 (D.C. Cir. 1994). Depositions in criminal cases are conducted pursuant to Federal Rule of Criminal Procedure 15 under very narrow circumstances. Depositions are generally disfavored. See, Fed. R. Crim. P. 15, advisory committee's note to 1974 amendment. The rule contemplates that in criminal cases depositions will be used only in exceptional situations. *U.S. v. Birrell*, 276 F.Supp. 798 (S.D. N.Y. 1967). Depositions may not be used merely for discovery, convenience, or efficiency of purposes. *United States v. Fei Ye*, 436 F.3d 1117, 1123-1124 (9th Cir. 2006).

The Ninth Circuit has found that exceptional circumstances may exist when the prospective deponent is unavailable for trial and the absence of the testimony

would result in an injustice. *United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998). Exceptional circumstances include, for example, the existence of foreign witnesses, seriously ill witnesses who are unable to appear, and dying witnesses. See, *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984). The government apparently misreads the law, because neither Mr. Alcantara nor Mrs. Alcantara are dying, seriously ill, or foreign witnesses unable to attend the trial, although the relative they wish to escort on a holiday trip is described as "elderly". (Doc. 32 at 2, lns. 9-10). Cf., *United States v. Puchi*, 441 F.2d 697 (9th Cir. 1971), cert. denied, 92 S.Ct. 92. (no adequate showing was made for the taking of deposition of prospective witness since witness refused to attend trial without reason after court resolved certain objections). In *United States v. Medjuck*, 156 F.3d 916 (9th Cir. 1998), cited by the government, a deposition was granted because there was <u>no means</u> to have the witness returned to the United States. At bar, this is not the case. How about a second set of tickets?

     The materiality and availability of witnesses to testify at trial is relevant to a Rule 15 analysis. *U.S. v. Jinian*, 2010 WL 3910138 (N.D. California 2010) (not reported). "Most of the cases applying Rule 15 require a stronger showing of materiality than 'mere relevance,' and consider whether the deposition testimony is 'highly relevant to a central issue in the case', or will yield 'what may be crucial

exculpatory testimony." Id. at *3, citing, *U.S. v. Drogoul*, 1 F.3d 1546 (11th Cir. 1993), and *U.S. v. Hernandez-Escarsega*, 886 F.2d 1560, 1569 (9th Cir. 1989).

The defense has no disclosure about these proposed witnesses other than the grounds stated in the Government's motion. To begin with, exceptional circumstances do not exist, because their testimony at a trial beginning in late November will likely not be needed. In so far as defense counsel is aware, the defense computer forensic expert has not begun his examination of the digital evidence-but one reason to be skeptical that this case will be ready to try shortly after Thanksgiving. Even if trial begins November 28, the witnesses are not unavailable, and their proposed testimony, is at best, merely relevant.

However, even if relevant, the proposed testimony would be cumulative of other testimony available at trial. *United States v. Stein*, 482 F.Supp. 2d 360 (S.D. N.Y. 2007)( denying deposition where testimony of the prospective witnesses would be cumulative of that of two other available prospective witnesses); *United States v.* Cannon, 475 F.3d 1013 (8th Cir. 2007), cert. denied, 128 S.Ct. 365 (district court did not err in denying a defendant's motion to take the deposition of a prospective witness, since witness's testimony was cumulative. The prospective witness's testimony would have contradicted testimony of defendant's girlfriend, other witnesses had provided that same information and the girlfriend's credibility had already been undermined by direct and cross examination).

At bar, the Alcantaras will be back on January 18, 2018 and the defense will gladly consent to a continuation of the trial until the first week of February 2018. A continuance will be necessary, in any event. Even were the trial to begin in November, the Government can arrange their transportation back to Tucson for what would likely be a one-day stay in order to provide the testimony the government outlines.

The proposed testimony is trivial and cumulative and as such the Government does not establish the "exceptional circumstances" or looming "injustice" necessary to meet its burden.

RESPECTFULLY SUBMITTED this 9th day of October, 2017.

  s/Jeffrey G. Buchella
JEFFREY G. BUCHELLA
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants, including:

Erica L. Segar
Assistant U.S. Attorney
405 West Congress St., Suite 4800
Tucson, AZ  85701-5040