JEFFREY G. BUCHELLA
Attorney at Law
177 North Church Avenue
Suite 200
Tucson, Arizona 85701
(520) 628-7777
State Bar No. 010569
Attorney for Paul Douglas Adams

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | NO. CR 17-390-RCC (BPV) |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR DISCLOSURE |
| PAUL DOUGLAS ADAMS, | |
| Defendant. | |

Excludable delay under 18 U.S.C. section 3161(h) may occur as a result of this motion or an order based thereon.

COMES NOW the Defendant, Paul Douglas Adams, by and through counsel undersigned, and moves this court for an order directing the government to make the disclosure outlined below.

Material Facts

1

The defendant is charged with multiple counts Production, Distribution, and Possession of Child Pornography, pursuant to 18 U.S.C. sections 2251 and 2252. The advisory guideline range is Life. The government's case is based almost entirely on digital evidence in the form of video and still images of pornography obtained as a result of the execution of a search warrant at Mr. Adam's home in Bisbee, and the search of digital devices found in the home. The basis for the warrant was the discovery of a video, which found its way to Interpol and other international police organizations, and to National Center for Missing and Exploited Children, and which allegedly contained images of the face of the perpetrator. According to the government's disclosure, the images were analyzed by a division of the U.S. State Department, using a database of passport photos, which yielded an identification of Mr. Adams. The defense has made informal requests for further disclosure concerning the series of events leading up to the issuance of the warrant, but little has been provided. The government's disclosure has documented the events which took place contemporaneous to when the search warrant was issued, but little else. Counsel undersigned has received a single e-mail stating that the video was originally found in New Zealand, on an offender's phone, and uploaded to international law enforcement organizations. The defense is disputing the allegation that the subject video, featuring facial images of the perpetrator, was distributed by him to third parties. Detailed documentation and examination of the evidence which

lead to the warrant and the Mr. Adams' interrogation is crucial to affording him a meaningful defense. Accordingly, the defense now requests this Court's order that the following disclosure be made:

Disclosure Requests

    1. Physical custody of the cellphone seized from the New Zealand "ChatStep offender", on which law enforcement allegedly found the "California Girl" video, which is a subject of the indictment. The phone will be examined by the defense digital forensic expert. The video seized was seized in the relatively recent past and should therefore be available for retreival. In addition, the defense asks leave to supplement this request in the future, once the defense expert has an opportunity to provide input on this issue.

    2. All information and documentation regarding the State Department passport database as well as the software program used to analyze images derived from the video with comparison to a State Department database of Passports and accompanying photos. The defense requests all information and documentation regarding investigation of the video, extraction of images therefrom, and all reports concerning the analysis of the subject images by all law enforcement agencies, including NCMEC. Databases of individuals and their photographs implicate the privacy rights of those individuals. In addition, the defense disputes the allegation that the defendant distributed the subject video used to obtain the warrant, and

questions whether the defendant was identified as a suspect through some other means.

3. All reports, warrants, applications for warrants, and documentation in any form concerning the the 2014-2015 e-mail investigations related to e-mail accounts for the defendant and/or his wife, including all investigations conducted by Arizona law enforcement officials. Given the defendant's skepticism about the stated basis for the search warrant in this case, the focus turns to prior investigations of Mr. Adams, which were only recently disclosed. One, concerns a 2014-15 review of seized e-mails, which were examined by Arizona law enforcement agents. Though the images were deemed legal, this investigation was one among others which seemed to have made Mr. Adams a target for further investigation. Further disclosure is needed as to this matter. For example, were the images on the e-mail opened during a warrantless search, or was a warrant obtained. Were the images, or details of the investigation shared with other law enforcement authorities, including federal law enforcement.

4. All information and documentation regarding the role played by Interpol, the International Child Sexual Exploitation ("ICSE") image database, "CVIP" staff, Diplomatic Security Criminal Intelligence & Research Branch Visa & Passport Analysis Unit ("DS/CI) Laison, FBI Violent Crimes Against Children ("VCAC") task force, Consolidated Consular Database ("CCD"), National Center

for Missing and Exploited Children ("NCMEC"), Office of the Inspector General ("OIG"), and Customs and Border Protection ("CBP") Office of Professional Responsibility ("OPR") in the investigation of the defendant. disclosure. Numerous entities are referenced in the government's disclosure as having some role in the handling of the subject video, prior to the issuance of the warrant. No reports, details, or other documentation has been disclosed. The government should disclose all reports, communications, and data generated by NCMEC with respect to evidence in this case, including the video, California Girl, and submission of said video and/or extracted images to DS/CI. (Bates 221-222), and all reports, communications, and data generated by (OIG) Office of Inspector General, not limited to the lead generated on 02/06/17 (BATES 222), all reports, communications, and data generated by Interpol, not limited to the lead generated on 02/06/17 (BATES 222), all reports, communications, and data generated by Consolidated Consular Database (CCD), not limited to the lead generated on 02/06/17 (BATES 222).

5. All reports concerning the New Zealand investigation of the unidentified "Chatstep offender", examination of his cellphone, extraction of the cell phone data, and transmission of any videos, images or data to other law enforcement entities, including international, and multi-agency entities. In addition, as stated above, the defense requests to take possession of the phone seized in the Nw Zealand case, for

5

forensic examination by defendant's expert. Information concerning the identity of the Chatstep offender, his personal identifier information, address, phone numbers, and any additional information which will facilitate an opportunity by the defense to interview said individual.

6. The names, addresses, and employment personnel numbers of all law enforcement agents and or employees, including but not limited to FBI, HSI, OIG, CBP, OPR, and DPAIC, who were present at the defendant's interrogation and arrest (02/07/17 and 02/08/17). The defense is in the process of preparing a motion to suppress Mr. Adam's statements made during the course of his interrogations and arrest. Though not addressed in the disclosure made to date, Mr. Adams states that numerous agents arrived at his workplace, and surrounded him during his preliminary interview. Their testimony will be material to the suppression issue.

7. The defense asks that counsel and his investigator be provided access to the building where the questioning took place in order to view and photograph the first and second rooms where the questioning took place. The circumstances in which the interrogation took place are material to any motion to suppress.

8. Information and documentation regarding all communications between agents at the defendant's interrogation with agents conducting the execution of the search warrant at the Adams family home. Identities of any agents involved in the search, who communicated with the interrogating agents. The phone numbers of

the agents who took part in the interrogation, and who communicated with the agents regarding the need for assistance with the search. The defense will request the opportunity to obtain a complete extraction report on these phones. During Mr. Adams' interrogation and after he invoked his right to counsel, agents began to play the subject video in front of him. In their reports, the agents claim they were merely looking at the video in order to answer questions by phone from agents conducting the search warrant. The defense believes the video was played for Mr. Adams, simply as a method of overcoming his refusal to discuss the case. For example, the agents claimed that the "search warrant team had asked them to describe the location of where the video was taking place" (BATES 231). The government should disclose the above information which will either verify or contradict such asserted reasons for playing the video. A digital record will exist of such communications. In addition, the government should be required to disclose all information as to whether any other copies of video had been made for the search team.

9. Information regarding the make, model, year, serial number of agents vehicle used for the interrogation at bar. The defense requests access to the vehicle to view and photograph the vehicle and its interior. The circumstances of the interrogation are material to any motion to suppress.

10. A copy of the audio recording of any and all interviews with Mr. Adam's wife, Leizza Adams, including a verbatim transcript same, not limited to SA Jay Allen's interview of Leizza Adams (BATES 239).

11. Any applications for warrants and warrants not previously disclosed regarding searches of digital devices seized by law enforcement in connection with this case, including, but not limited to the defendant's smart phone and 2/13 warrants sought for search of the smart phone. (BATES 243).

12. Disclosure of "journal found in desk room D", and "green journal" seized when home was searched, daughter's diary. (BATES 248-9; 497).

13. Video, Audio recordings and transcripts of all interviews of the defendant's oldest daughter. For example, forensic interview conducted by Karen Blackwell, LCSW. (BATES 347-404).[1]

14. Information/documentation regarding any input received by federal investigators from state investigators or authorities prior to the defendant's three interrogations on February 7 and 8, 2017.

15. Documentation regarding the investigation of the defendant which lead to his demotion at Border Patrol. The defense previously made an informal request

---

[1] Recently, the defense has received supplemental disclosure consisting of disclosure made in a paralell case filed in Cochise County. Defense counsel has not had an opportunity to review same in order to determine whether materials requested herein are to be found in the Cochise County disclosure.

for such material, but only received standard personnel records. The referenced investigation, which involved the defendant being questioned about his sex life, and pornography use, may have been conducted by OIG. The investigation's fruits are referenced by the interrogators when they questioned Mr. Adams concerning the charges at bar, and are material to any motion to suppress.

Argument

The defendant is charged with multiple counts Production, Distribution, and Possession of Child Pornography, pursuant to 18 U.S.C. sections 2251 and 2252. The above requested information is material to the preparation of a defense and under 16(a)(1)(E) should be provided to the defense as is clearly stated in two recent Ninth Circuit published decisions. See, *United States v. Soto –Zuniga*, 837 F.3d 992, 1000-1003 (9th Cir. 2016) and *United States v. Hernandez-Meza*, 720 F.3d 760, 768-69 (9th Cir. 2013).  The material is needed by the defense so that counsel can adequately advise the defendant based upon a full understanding of all the evidence against him, and to assist Mr. Adams in determining how to proceed in this matter. The requested information is extremely important in evaluating any possible constitutional violations which occurred during the course of the government's evidence gathering. *United States v. Soto–Zuniga*, 837 F.3d 992, 1001 (9th Cir. 2016) ("our post-Armstrong case law within the Ninth Circuit indicates that Rule 16(a)(1)(E) permits discovery related to the constitutionality of

a search or seizure."). The government must prove its evidence is not the product of illegally obtained evidence. With respect to an interrogation, statements obtained must not be the product of or induced by evidence from an illegal search. *United States v. Shetler*, 655 F.3d 1150 (9th Cir. 2011).

In addition, the requested discovery is made pursuant to the defendant's right to disclosure of the following categories of information and the defense requests disclosure of the following:

A. Discovery Pursuant to Brady v. Maryland 373 U.S. 83, 83 S.Ct. 1194 (1963); Kyles v. Whitley, 115 S.Ct. 1555 (1995); USA v. Bagley, 473 U.S. 667 (1986); Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Giglio v. USA, 405 U.S. 150 (1972); Napue v. Illinois, 360 U.S. 264 (1959); USA v. Kennedy, 890 F.2d. 1056 (9th Cir., 1989).

B. Discovery of Documents and Tangible Objects. Rule 16(a)(1)(C), Federal Rules of Criminal Procedure.

C. Discovery Pursuant to Jencks Act. Rule 12(i), 16(a)(1)(A), and 26.2, Federal Rules of Criminal Procedure;18 U.S.C §3500.

D. Disclosure of Rule 404(b) Material and for Notice to specifically identify each alleged prior act by time, place, date, witnesses, and any other relevant information. Rule 404(b), Federal Rules of Evidence.

E. Preservation and Production of Rough Notes. 16(a)(1)(C), Federal Rules

of Criminal Procedure <u>United States v. Harris</u>, 543 F.2d 1247 (9th Cir. 1976).

F. Review of Internal Records of Law Enforcement Agents.  <u>United States v. Henthorn</u>, 931 F.2d 20 (9th Cir.1991).

G. Disclosure of Names of Expert Witnesses, their expert qualifications, and a written summary of their opinions and reasons therefor.  Rule 16(a)(1)(e), Federal Rules of Criminal Procedure.

H. Disclosure of Statements of Alleged Co-conspirators.  Rule 801(d)(2)(E), Federal Rules of Evidence; Rule 16, Federal Rules of Criminal Procedure.

I. Discovery of Reports of Examinations and Tests.  Rule 16(a)(1)(D), Federal Rules of Criminal Procedure.

 **Pursuant to LRCiv 7.2(j), and the applicable General Order, counsel undersigned certifies that after personal consultation and sincere efforts to do so, counsel has been unable to satisfactorily resolve the matter. Counsel has contacted the assigned Assistant United States Attorney, Erica Seger, who declined to communicate regarding the specific requests and directed counsel undersigned to file this motion.

RESPECTFULLY SUBMITTED this 8th  day of  November, 2017.

 s/Jeffrey G. Buchella
JEFFREY G. BUCHELLA
Attorney for Defendant

11

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants, including:

Erica L. Segar
Assistant U.S. Attorney
405 West Congress St., Suite 4800
Tucson, AZ  85701-5040