ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
ERICA L. SEGER
Assistant United States Attorney
State Bar No. 022681
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona  85701
Telephone:  (520) 620-7300
Erica.seger@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Paul Douglas Adams,<br><br>Defendant. | CR-17-00390-TUC-RCC (BPV)<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE** |

The government, by and through its attorneys, Elizabeth A. Strange, Acting United States Attorney for the District of Arizona, and Erica L. Seger, Assistant U.S. Attorney, hereby responds to the defendant's motion for disclosure.  (ECF Doc. 38.)

## **BACKGROUND**

On February 7th, 2017, agents with Homeland Security Investigations (HSI) in Douglas received an investigative lead from the Office of the Inspector General (OIG) in relation to a video that had been submitted by INTERPOL to the National Center for Missing and Exploited Children (NCMEC).

NCMEC received a video depicting a pre-pubescent female engaging in a sexual act with an adult male. As of the date of the report, NCMEC was not aware of any law

1

enforcement agency that had identified the child. Through the image analysis performed by CVIP staff, there were investigative clues indicating that the video may have been produced and/or the depicted child may reside in North America.

The video above is titled "California Girl" and is approximately 9 minutes and 14 seconds in length and the contents of the video is described as: a female child with brown hair is depicted in the video. The child appears to be prepubescent. The child seen is wearing a blue dress with a silver neckline and pink underwear. The child is seen wearing a red bracelet on her left wrist. Adult male offender is seen orally copulating and vaginally penetrating a prepubescent female. The assaulter is seen manually stimulating himself and ejaculating on the child. Child is seen laying on what appears to be a bed with tan and blue colored pillows and sheets. Child is seen holding a black tablet with a gray sticker on the back. A brown ceiling fan can be seen behind the offender throughout the video.

The following is a portion of the audio transcription associated to this video file and time stamp from said file:

00:01 (Offender): Now say it.

00:03 (Child): No

00:06 (Offender): Say it.

00:07 (Child): No. No. (pause) I'm daddy's little slut sex toy.

00:15 (Offender): Do you like being daddy's little sex toy?

00:17 (Child): Yes

00:19 (Offender): Do you like when daddy licks your pussy?

00:21 (Child): Yes. Are you making video of me?

00:24 (Offender): Yes

00:25 (Child): Why?

00:26 (Offender): Because I like it?

00:27 (Child): Why?

00:28 (Offender): So I can see it when I'm gone.

01:07 (Offender): Do good girls have sex with their daddys?

01:08 (Child): Yes

01:11 (Offender): What do bad girls do?

01:14 (Child): Not

01:15 (Offender): Yeah. Do you like being a good girl?

01:17 (Child): Yes

01:19 (Offender): Open your legs. Good girl. Good girls spread their legs for daddy, don't they?

01:27 (Child): Yeah.

07:33 (Child): Daddy, your (unintelligible) is ready, blah blah blah

07:37 (Offender): Hmmm?

07:28 (Child): Daddy, the puppy thing, it says your (unintelligible) is ready, blah blah blah.

In the video, there are several full-face shots of the perpetrator. NCMEC was able to perform a screen capture of the adult's face and submitted the photos to the Diplomatic Security Criminal Intelligence & Research Branch Visa & Passport Analysis Unit (DS/CI) Liaison through the FBI Violent Crimes Against Children (VCAC) task force.

The VCAC program asked the DS/CI for assistance in identifying children who are victims of child exploitation and trafficking through Consolidated Consular Database (CCD). FBI VCAC requested if the perpetrator from the video, containing child pornography has a US passport that could be used to traffic the children internationally. DS/CI found several images of the subject with an active passport.

DS/CI unit was able to find the perpetrators name and date of birth from his passport application. The name that was given on the passport was Paul Douglas Adams with a date of birth of 1980.

On February 8th, 2017, a search warrant was executed at ADAMS' residence. Agents located the room and background which are depicted in the video described above.

In addition, agents located the clothing worn by the child and the bedding that appears in the video. Agents have also identified the child that appears in the video.

On March 8, 2017, the defendant was indicted on eight counts of production of child pornography, one count of distribution of child pornography and two counts of possession of child pornography. (ECF Doc. 10.)

## DISCLOSURE

On March 15, 2017, the government provided the initial disclosure in the case. Contents of the initial disclosure included the recording and transcript of the defendant's interviews with law enforcement, the search warrant for the defendant's residence, reports by the interviewing agents regarding the defendant's interviews, HSI reports of investigation (ROI) 1-5, a sketch of the defendant's residence, photo log (from the execution of the search warrant), placards (identifying the rooms in the execution of the search warrant), defendant's signed consent to assume on-line identity, copies of the screen captures provided to DS/CI with information provided by the older victim during her forensic interview, copies of additional screen shots of the victim from the video with information provided during the forensic interview noted, booking paperwork into local custody, aerial maps of the defendant's residence, shift logs for February 8, 2017, the defendant's rights advisal form, a transcript of the forensic interview of the older female victim and copies of the photographs taken during the execution of the search warrant at the defendant's residence.

On April 7, 2017, the government provided the defense counsel with ROI 7, which was the results of the forensic examination of some of the electronic items seized from the Adams' residence.

On June 20, 2017, the government disclosed the search warrant and return for a warrant executed for photos of the defendant's penis.

On July 12, 2017, the government disclosed the photos related to the above search warrant as well as a letter provided to agents from Leizza Adams (the defendant's wife) written by Adams.

On August 9, 2017, the government disclosed screen shots from Leizza Adams' Facebook page and photos from a video that depicted the same older victim located in California during a forensic examination of a computer seized during the execution of a search warrant, a map depicting the GPS coordinates plotted from the metadata of the video, and the image analysis report associated with the video. In that report, there is reference to previous NCMEC tips provided by the Google to the Phoenix and Scottsdale Police Departments.

On October 2, 2017, the government provided the defendant with a copy of his personnel file.

On November 6, 2017, the government provided disclosure received from the Cochise County prosecutor's office related to the pending state case against the defendant, copies of a journal kept by Leizza Adams, and ROI's 5, 6, 8-12.

On November 21, 2017, the government disclosed the CVIP report from NCMEC related to the video located in New Zealand, the report generated from the Department of State following the request to assist in identifying the individual in the video and a BOLO generated by the Department of Homeland Security.

Additionally, the government has provided an image copy of the electronic media analyzed in this case for review by the defense's forensic expert.

## **THE LAW**

Federal Rule of Criminal Procedure 16(a)(1)(F) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows—or through due diligence could know—that the item

5

exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

*Brady v. Maryland*, 373 U.S. 83 (1963), holds that, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the prosecution must turn over evidence favorable to a criminal defendant when the evidence is material to guilt or punishment.

Rule 16 does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.   Fed. R. Evid. 16(a)(2).

Defendant bears the burden of making a "threshold showing of materiality, which requires a presentation of facts which would tend to show that the government is in possession of information helpful to the defense." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). In this regard, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice." *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).  Nor will plausible but conjectural assertions of materiality trigger the government's discovery obligations under this Rule. *United States v. Santiago*, 46 F.3d 885, 894-95 (9th Cir. 1995). "Rather, the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense." *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003) (internal quotations omitted).

Documents and objects possessed by foreign governments or state agencies outside of the "prosecution team" are not within the government's possession. *See United States v. Mejia*, 448 F.3d 436, 444-45 (D.C. Cir. 2006) (government's authority under a mutual legal assistance treaty to seek tapes or transcripts from a trial held in Costa Rica does not place

the items within the government's possession, custody, or control under Rule 16); *United States v. Hughes*, 211 F.3d 676, 688 (1st Cir. 2000) (government's inability to secure photographs of cartridge casing from Mexican authorities did not require exclusion of the actual cartridge case at trial).

In his motion for disclosure, the defendant requests various items. The United States hereby responds to each of the defendant's requests in order.

1. The government is not in possession of the cellphone seized by authorities in New Zealand nor is it within the government's the care, custody or control. The video of the defendant and victim has been provided to the defendant's forensic expert and has been viewed by the defense counsel.

2. The government has disclosed the report generated by the Department of State and is unaware of any other reports generated related to the defendant's request.

3. The government is not in possession of any of the items listed in paragraph 3. Requests have been made to NCMEC to locate these reports. As of the filing of this motion, no response has been received.

4. The government has disclosed all the information received from the Department of State and Interpol. The government received the OIG report related to the defendant's removal from his position as a Border Patrol Agent on November 21, 2017. This report will be redacted and disclosed.

5. The government is not in possession of any information related to the New Zealand investigation nor it is in the care, custody or control of the government.

6. The names of all the agents and their duty office present at the defendant's interview have been provided in the relevant ROI's.

7. The government will coordinate with the defense counsel to arrange for viewing of the room where the defendant was interviewed.

8. The government has disclosed all reports, photos, sketches, and interviews related to the search of the Adams residence. These reports contain the names of all agents present as well as the circumstances surrounding the search and the defendant's interview.

9. The defendant was transported on Feb 8, 2017 from Naco Border Patrol to Cochise County jail in Bisbee in SA Edwards' Black Dodge 1500 Pick-up Truck with SA Edwards and OIG SA Mike Presnall. On Feb 9, 2017, the defendant was transported with by SA's Edwards and Mayo in her White Ford Flex from CCSO Jail in Bisbee to the Federal Courthouse for his initial appearance. The government can facilitate the defendant's viewing these vehicles.

10. Reports related to the interview of Leizza Adams has been disclosed. This interview was not recorded.

11. All executed and returned search warrants have been disclosed.

12. The journal referenced in desk room D was not seized by agents and is not in the care, custody or control of the government.

13. The government disclosed a redacted transcript of the forensic interview of the older victim on March 15, 2017. Should the government anticipate calling the victim as a witness at trial, the government will seek a protective order from the Court before disclosing the unredacted video.

14. The government is unaware of any information or documentation other than that contained within the disclosure in the State case, which has been previously provided.

15. See above number 4.

The government hereby respectfully requests that the Court deny the defendant's motion for disclosure for those items not in the care, custody or control of the government as well as those where the defendant has not established materiality. The government

acknowledges its continuing disclosure obligations under Fed. R. Evid. 16.  Further, the government will comply with its obligations under *Brady*, *Giglio*, *Jencks* and *Henthorn*.

Respectfully submitted this 27th day of November, 2017.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/Erica L. Seger*

Erica L. Seger
Assistant U.S. Attorney

A copy of the foregoing has been served electronically or by other means this 27th day of November, 2017, to:

Jeffrey Buchella
Attorneys for the Defendant